# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 11-500 |
| ) | Magistrate Judge Maureen P. Kelly |
| MR. MELVIN S. LOCKETT, Superintendent; ) | |
| MS. KATHY SHUBENSKI, Medical Supervisor; ) | |
| and MR. J. TRBOVICH, ) | |
| ) | |
| Defendants. ) | Re: ECF No. [8]. |

## MEMORANDUM OPINION AND ORDER

James Williams ("Plaintiff") is a state prisoner, who initiated this civil rights action in April, 2011. ECF No. [1]. In the operative Complaint, Plaintiff complained of conditions in the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh") where he is incarcerated. Plaintiff made two distinct claims against the three named Defendants, all of whom work at SCI-Pittsburgh. First, he complained that on November 3, 2010, Plaintiff fell at the prison and twisted his ankle on a pot hole in the pavement. Second, Plaintiff complained that he has Hepatitis C and the Defendants will not treat him for this condition. Plaintiff has filed a motion for injunctive relief, ECF No. [8], captioned as "Injunction A Temporary Restraining Order" ("Motion for Injunction"). Although referencing a Temporary Restraining Order in the caption, Plaintiff states in the body of the Motion for Injunction that he is "asking the court to please grant my preliminary injunction" Id. at 2, ¶ 29. By means of this Motion for Injunction, Plaintiff seeks to have this Court compel the Defendants to treat his medical condition of Hepatitis C.

The Motion for Injunction is denied on two grounds. First, Plaintiff has failed to show a likelihood of success on the merits. Second, Plaintiff has failed to establish irreparable harm because starting and then stopping treatment of Hepatitis C apparently causes greater harm than delaying treatment until it can be provided on a continuous basis.

Plaintiff filed his Motion for Injunction on April 29, 2011. The case was then transferred to the undersigned Magistrate Judge in June, 2011.

**DISCUSSION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a court may under certain limited conditions "issue a temporary restraining order without written or oral notice to the adverse party or its attorney." Fed. R.Civ. P. 65(b). A preliminary injunction, on the other hand, "may issue only on notice to the adverse party." Fed. R.Civ. P. 65(b). However, because the standards for the grant of a preliminary injunction and a temporary restraining are the same, the court's analysis will simply apply the standard without distinguishing. Babn Technologies Corp. v. Bruno, No. Civ.A. 98-3409, 1998 WL 720171, at *3 (E.D.Pa. Sept. 2, 1998) ("The standard for a temporary restraining order is the same as that for a preliminary injunction. *Bieros v. Nicola*, 857 F.Supp. 445, 446 (E.D. Pa. 1994)."); Cooper v. City of Philadelphia, 18th District, No. Civ.A. 93-3007, 1993 WL 274192, *1 (E.D. Pa. July 2, 1993)("The standards for a temporary restraining order and a preliminary injunction are the same.").

In determining whether preliminary injunctive relief is warranted, a court must consider four key factors: (1) whether movant has shown a reasonable probability of success on the merits; (2) whether movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857

F.Supp. 445 (E.D.Pa. 1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). With respect to the "irreparable harm" prong, the United States Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000) (harm may not be speculative).

Instantly, Plaintiff's Motion for Injunction fails on the first prong. Plaintiff has not shown a reasonable likelihood of success on the merits. Plaintiff claims that the treatment for Hepatitis C takes 12 to 18 months but because Plaintiff's minimum sentence was due to be completed by August 1, 2011, Defendant Trbovich told Plaintiff to wait to get released in order to start treatment. ECF No. [7] at 5, ¶ 1.

The Court takes judicial notice of the fact that the Pennsylvania Department of Corrections ("DOC") has a treatment protocol for Hepatitis C infections and as part of that protocol DOC excludes from treatment anyone whose minimum sentence is so short that during the course of the 12 to 18 month drug treatment for Hepatitis C, the prisoner is likely to be released. This policy has been called the "minimum sentence rule." See, e.g., Iseley v. Dragovich, 90 F.App'x 577, 581 (3d Cir. 2004) ("The Hepatitis C treatment called for in the

3

protocol takes one year to complete. The rationale for implementing the minimum sentence rule as part of the protocol is spelled out in the DOC's memo of February 8, 2000. See MA 127a-129a. Apparently, it is more detrimental to an inmate's health to discontinue or interrupt treatment prior to its completion, than it is to defer treatment until after his release. Thus, implementing the minimum sentence rule as a prerequisite to participation in the Hepatitis C protocol served a legitimate penological goal."). See also Josey v. Beard, No. C.A. 06-265E, 2009 WL 1858250, at *1 (W.D. Pa. June 29, 2009) ("The Hepatitis C protocol issued by the Bureau of Health (a division of the Department of Corrections) contains four exclusionary factors to the Interferon-based treatments. The factors are listed in order of importance: 1) minimum of between 12 to 18 months remaining on the sentence; 2) medical clearance; 3) drug and alcohol clearance; and [4)] psychiatric clearance."). In light of the declaration in Iseley v. Dragovich, that implementation of the minimum sentence rule serves a legitimate penological interest, it is unlikely that Plaintiff will be able to prevail on the merits of his claim that excluding him from treatment for his Hepatitis C virus because of his potential imminent release is unconstitutional.

In addition, Plaintiff's arguments that the lack of treatment for Plaintiff's Hepatitis C will cause irreparable harm is not persuasive given that, apparently, greater harm may be suffered by him if Plaintiff were to commence treatment and then have such treatment for his Hepatitis C halted. Accordingly, Plaintiff has failed to establish the irreparable harm prong as well.

Accordingly, the following order is entered:

**AND NOW**, this 15th day of September 2011, Plaintiff's motion for Injunction is hereby **DENIED**.[1]

          s/Maureen P. Kelly
          Maureen P. Kelly
          UNITED STATES MAGISTRATE JUDGE

cc:

    JAMES WILLIAMS
    JP-4264
    SCI Pittsburgh
    Post Office Box 99991
    Pittsburgh, PA 15233

---

[1] This denial of the Motion for Injunction is without prejudice to Plaintiff re-filing another such motion if he is not released and if treatment for his Hepatitis C is not begun despite Plaintiff not being released at the expiration of his minimum sentence.