IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WILLIAMS, Plaintiff, | ) ) ) | |
| vs. | ) ) ) ) | Civil Action No. 11-500 |
| PRISON HEALTH CARE SYSTEMS, Defendant. | ) ) ) | Judge Joy Flowers Conti/ Magistrate Judge Maureen P. Kelly |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

For the reasons set forth herein, it is respectfully recommended that this action be dismissed with prejudice as a result of Plaintiff's violation of several Orders of Court resulting in his failure to timely prosecute this action.

**II.    REPORT**

   **A.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff James Williams, a former inmate at the State Correctional Institution at Pittsburgh ("SCI Pittsburgh"), has filed a civil rights action. Plaintiff has been granted leave to prosecute his action without prepayment of costs. His initial Complaint, filed on April 18, 2011, alleges insufficient treatment with regard to a sprained ankle and the failure to treat his recently diagnosed Hepatitis C. Plaintiff's Complaint names Melvin S. Lockett, Superintendent at SCI Pittsburgh and Kathy Schbenski, Medical Supervisor, as Defendants. [ECF No. 3] On April 29, 2011, Plaintiff filed an Amended Complaint, adding Dr. J. Trbovich as a Defendant and alleging that he was denied treatment for his Hepatitis because his release date from prison would not

1

permit him to receive the full course of treatment as required for efficacy and, accordingly, it was recommended that he receive treatment for Hepatitis upon his release. [ECF No.7]. Plaintiff seeks compensatory damages and injunctive relief, as well as attorney's fees, for Defendants' failure to initiate treatment.

On May 23, 2011, this Court, per Order issued by United States District Judge Bissoon (then a United States Magistrate Judge), directed Plaintiff to provide proper instructions and forms to accomplish service of the Amended Complaint upon each Defendant. [ECF No. 10]. Notably, such forms had not been provided with the initial Complaint. Plaintiff failed to obey the Order and, on August 17, 2011, this Court entered an Order to Show Cause why he failed to act as ordered and instructed Plaintiff that his failure to comply with the Order could result in dismissal of his action. [ECF No. 15].

On September 27, 2011, this Court again entered an Order specifically instructing Plaintiff to provide the required forms to effect service on or before October 11, 2011. [ECF No. 19]. Plaintiff ignored this Order and filed a Motion for Leave to file a Second Amended Complaint on January 5, 2012. [ECF No. 22]. Plaintiff's Motion was granted on January 9, 2012, with specific instructions to file the necessary number of copies of the Second Amended Complaint and the required forms for service. [ECF No. 23].

Plaintiff filed a change of address form on February 16, 2012, and in an abundance of leniency and caution given his pro se status, on March 6, 2012, this Court entered an Order providing Plaintiff 21 days to file his Second Amended Complaint listing all claims against all parties and again informed him that he was required to provide the appropriate service forms. [ECF No.27]. Because it appeared that Plaintiff was no longer incarcerated, copies of the necessary forms were provided to Plaintiff for his completion, with a copy of the Order. On

April 17, 2012, this Court again issued an Order to Show Cause why this action should not be dismissed for Plaintiff's failure to obey the Order entered on March 6, 2012. To date, neither Plaintiff's Second Amended Complaint nor the required service forms have been received by the Court and, as indicated in the Order, it is respectfully recommended that this action be dismissed with prejudice.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed. Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders so that the case could proceed, which weighs heavily against him. Plaintiff's repeated failure to comply with this Court's Orders was solely his personal responsibility and his failure to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's

3

failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to Defendants other than general delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate.  Moreover, because he has repeatedly failed to comply with the Court's Orders so that the case may proceed, it appears that Plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, *supra*; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193

n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: August 29, 2012

cc:  The Honorable Joy Flowers Conti
United States District Judge

James Williams
1400 South 54th Street
Philadelphia, PA 19143